**MAYER•BROWN**

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Hannah Y.S. Chanoine**
Direct Tel +1 212 506 2151
Direct Fax +1 212 849 5851
hchanoine@mayerbrown.com

<u>VIA ECF</u>

August 5, 2014

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Stoltz, et al. v. Chobani, LLC, et al.*, No. 1:14-cv-03827-RRM-JO (E.D.N.Y.)

Dear Judge Mauskopf,

  We represent Defendants Chobani, LLC, Chobani Holdings, LLC, Chobani Global Holdings, LLC, Chobani International LLC and Chobani Idaho, LLC (collectively, "Chobani"), in the above-captioned action. Plaintiffs' Class Action Complaint (the "Complaint") challenges the product labels and online marketing of forty-six yogurt products, across five of Chobani's product lines. Specifically, Plaintiffs allege that: (1) "Greek Yogurt" is misleading because the term deceives consumers into believing that Chobani's yogurt is "made in Greece and imported from Greece"; (2) Chobani's prominent use of the term "0%" on the front and top labels of its yogurt containers is misleading because reasonable consumers do not know what 0% might mean in the absence of "any context"; and (3) Chobani's use of the ingredient term "evaporated cane juice" in lieu of "sugar" is misleading. Plaintiffs purport to bring claims under the laws of all fifty states and the District of Columbia for negligent misrepresentation, breach of express warranties, and unjust enrichment, as well as claims under New York General Business Law § 349. Plaintiffs bring their claims on behalf of all purchasers of the products nationwide and seek, among other relief, compensatory and punitive damages, "restitution and all other forms of equitable monetary relief," injunctive relief, and attorneys' fees. We write to the Court for several reasons.

  *First*, the parties have conferred and agree, subject to the Court's approval, that all aspects of Plaintiffs' case relating to their "evaporated cane juice" allegations should be stayed for a period of six months, in light of the fact that: (i) the U.S. Food & Drug Administration is currently and actively engaged in its regulatory process to analyze the ingredient name evaporated cane juice, *see* 79 Fed. Reg. 12507-08 (Notice Reopening Comment Period) (Mar. 5, 2014); (ii) pursuant to the primary jurisdiction doctrine, federal courts have now dismissed or stayed at least fifteen cases alleging claims relating to various food manufacturers' use of the term evaporated cane juice, *see* Ex. A (listing cases); and (iii) an appeal from a judgment dismissing another putative class action against Defendant Chobani, LLC (successor by merger to Chobani, Inc.) raising overlapping evaporated cane juice allegations on behalf of the same putative class is currently pending before the U.S. Court of Appeals for the Ninth Circuit, *see Kane v. Chobani*, No. 14-15670 (9th Cir.). Accordingly, the parties request that the Court enter an order staying all claims of Plaintiffs relating to evaporated cane juice for six months and setting a status conference to occur just before the expiration of the stay. Prior to the status conference, the parties will meet and confer regarding Plaintiffs' evaporated cane juice claims and report to the Court on the results of their meet and confer.

Mayer Brown LLP

Hon. Roslynn R. Mauskopf
August 5, 2014
Page 2

*Second*, pursuant to FRCP 16(b) and 26(f), the parties are obligated to meet and confer regarding discovery disclosures by September 30, 2014. However, as set forth below, Chobani anticipates moving to dismiss the entire Complaint. Consistent with the approach taken by numerous other district courts in similar circumstances, the parties have agreed, subject to the Court's approval, that all discovery-related deadlines be extended until after the Court has fully resolved which products and claims, if any, in the Complaint or any Amended Complaint may survive a motion to dismiss. *See* Ex. A (listing examples of cases where courts have delayed discovery until pleadings are set). If the Court determines that any products and claims survive a motion to dismiss, then within 10 days of the Court's Order the parties will meet and confer and propose a Case Management Order governing discovery and other deadlines.

*Third*, pursuant to the Court's Individual Rule III.A.2, Chobani respectfully requests a pre-motion conference on its anticipated motion to dismiss the Complaint pursuant to Rules 8, 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The parties have conferred on a briefing schedule and propose the following: Chobani's motion due September 5, 2014; Plaintiffs' opposition due October 6, 2014; and Chobani's reply due October 27, 2014.

For these reasons, Chobani respectfully requests that the Court issue an order: (A) staying all aspects of Plaintiffs' case relating to evaporated cane juice for six months and setting a related status conference, per the parties' agreement; (B) extending all discovery-related deadlines until after the Court has fully resolved which products and claims, if any, survive Chobani's motion to dismiss, per the parties' agreement; (C) scheduling a pre-motion conference on Chobani's anticipated motion to dismiss the Complaint; (D) establishing a briefing schedule for Chobani's anticipated motion to dismiss, per the parties' agreement; and (E) extending the deadline for Chobani to Answer until 30 days after the Court has fully resolved which products and claims, if any, survive a motion to dismiss, *see* Indiv. Rule III.A.3.

The principal grounds for Chobani's anticipated motion to dismiss are summarized below and Chobani reserves the right to raise additional grounds:

The Complaint rests upon several defects that justify dismissal. Perhaps most fundamentally, neither the Greek Yogurt nor 0% statements have the capacity to mislead a reasonable consumer acting reasonably under the circumstances. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). The term Greek Yogurt is not misleading. From Belgian waffles to Italian salad dressing to French bread, reasonable consumers in the United States routinely rely on geographic descriptors as a generic shorthand for how a food product is made and what qualities (taste, texture, ingredients, nutritional attributes) it has, and to distinguish between one food style and another. Here, as the Complaint acknowledges, Greek Yogurt is a popular style of strained yogurt characterized by a thick and creamy texture with twice the protein content of regular yogurt. It is implausible to conclude that describing Chobani's products as Greek Yogurt would confuse reasonable consumers into believing the yogurt *physically* originated in Greece or was made by Greek nationals, any more than U.S. consumers would be misled into thinking that their French fries were imported from Paris. Moreover, Chobani's labels specify the address of the manufacturer, in full compliance with governing federal law on that specific issue. 21 C.F.R. § 101.5.

Mayer Brown LLP

Hon. Roslynn R. Mauskopf
August 5, 2014
Page 3

Similarly, a reasonable consumer is accustomed to seeing percentages on dairy products and is aware that they refer to nonfat and lowfat products, *e.g.* nonfat milk.  It is implausible that anyone, let alone a reasonable consumer, would be deceived by the 0% on Chobani's yogurt products, especially when nothing on Chobani's packaging indicates that it refers to anything other than the fat content.  Despite this everyday context, Plaintiffs have failed to explain why a reasonable consumer could be misled by a large 0% on a dairy product, why they would link that 0% with the "zero" on a diet soda can, or why they would interpret 0% to mean something other than fat.  Indeed, by alleging that reasonable consumers are "left to *guess* the meaning of the '0%'," Plaintiffs concede that no reasonable consumer *could* be deceived into believing the yogurt possesses a specific characteristic that it does not possess.

Dismissal is warranted for a host of additional reasons, including several relating to the operation of federal statutes, regulations, rules, and the U.S. Constitution. The scattershot allegations meet neither Rule 8's obligation to allege a "short and plain statement" that notifies Chobani of the precise claims against it, nor Rule 9(b)'s heightened pleading requirement.  For instance, the Complaint never demonstrates that Chobani's Greek Yogurt or 0% statements are false or deceptive or which of Chobani's statements (if any) Plaintiffs actually saw and found material and was deceived by *before* purchasing the forty-six versions of Chobani yogurt they claim they bought. The Complaint must be dismissed for want of Article III standing because it lacks plausible allegations of individual reliance or causation, deception, and injury. Plaintiffs cannot privately enforce alleged violations of the federal Food Drug & Cosmetic Act (FDCA) or regulations promulgated under it. 21 U.S.C. § 337. And Plaintiffs' "Greek Yogurt" state-law claims are expressly preempted because they impermissibly attempt to impose a requirement that is not identical to the federal law for disclosing the name and address of the manufacturer, 21 U.S.C. §§ 343(e), 343-1(a)(2); 21 C.F.R. § 101.5.

Nor have Plaintiffs alleged the elements of their claims under New York law, including: (1) negligent misrepresentation, such as a special relationship beyond an arms-length commercial relationship, that the challenged statements were incorrect, or Plaintiffs' reasonable reliance, *see Gomez-Jimenez v. New York Law* School, 103 A.D.3d 13, 18 (1st Dep't 2012); (2) express warranty, such as an actionable breached warranty or pre-suit notice to Chobani of the alleged breaches, *see* McKinney's Uniform Commercial Code § 2-607; and (3) unjust enrichment, because it is duplicative of their other legal claims, *see Goldemberg v. Johnson & Johnson Cos., Inc.,* No. 13-cv-3073, 2014 WL 1285137, at **13-14 (S.D.N.Y. Mar. 27, 2014).

Moreover, because Plaintiffs have only alleged New York contacts, they may only pursue claims on behalf of New York purchasers, and not pursuant to the laws of all 50 states, which, in any event, they allege in only the most conclusory, legally-insufficient manner.  *In re HSBC Bank, USA, N.A. Debit Overdraft Fee Litig.*, __F. Supp. 2d__, 2014 WL 868827, at **11-12 (E.D.N.Y. Mar. 5, 2014).  Plaintiffs' "premium price" theory is flawed because regular yogurt is, as a matter of law, not a viable comparable product to Chobani's strained Greek Yogurt.  And all Chobani entities except Chobani, LLC should be dismissed as improper defendants.

Dale Giali
Michael Resch
Hannah Y.S. Chanoine
CC: All Counsel of Record (via ECF)