# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

WRITER'S DIRECT: 212-465-1188
cklee@leelitigation.com

**Via ECF** January 16, 2015

Hon. Roslynn R. Mauskopf, U.S.D.J.
United States District Court (E.D.N.Y.)
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Stoltz, et al. v. Chobani, LLC, et al.*
Case No. 14-CV-03827-RRM-JO (E.D.N.Y.)

Dear Judge Mauskopf:

We are counsel to Plaintiffs in the above-captioned action. We write to request that the Court set a briefing schedule on Defendants' anticipated motion to dismiss Plaintiffs' First Amended Complaint.

Plaintiffs filed their Complaint against Defendants on June 19, 2014 in the Eastern District of New York. The Complaint alleged that Defendants (i) made unlawful evaporated cane juice claims and (ii) made unlawful "0%" misrepresentations. On September 15, 2014 Plaintiffs filed their First Amended Complaint ("FAC"). The FAC included the initial claims and added unlawful "Greek Yogurt" claims and 12 other state subclasses (in addition to the national class) alleging violations of California, New Jersey, Virginia, Pennsylvania, Massachusetts, Florida, West Virginia, Michigan, Ohio, Maine, Georgia, and Texas state law consumer protection laws.

On August 19, 2014, plaintiffs in California filed a complaint alleging identical "0%" claims as stated in the New York action. Defendants subsequently sought to transfer the case, *Clay v. Chobani LLC*, No. 3:14-14-cv-02258-BEN-DBH (S.D. Cal), to this District. On October 17, 2014, Plaintiffs in the New York action agreed to defer the parties' briefing on Chobani's anticipated motion to dismiss until after the resolution of Chobani's motion to transfer in *Clay*. It has now been three months since the parties agreed to delay the briefing and there has not yet been a final order regarding the contested transfer motion by Chobani.

The transfer of the *Clay* matter has no bearing on several claims in Plaintiffs' FAC, including the evaporated cane juice and Greek Yogurt claims or on violations of 12 other states' consumer protection laws, negligent misrepresentation, unjust enrichment and breach of warranty claims. Defendants made and continue to make certain misrepresentations about their Products. Such misrepresentations continue to cause consumers to believe that the products are a healthy alternative (when in reality they are packed with sugar). As such, the Products continue to impose a health hazard on the unsuspecting public throughout the United States while charging a price premium.

Public policy favors reduction in litigation and speedy resolution of disputes. As there is no indication when the *Clay* transfer matter will be resolved, the interest of justice and efficiency favor allowing the New York litigation to move forward. Even if the two cases are consolidated, the current New York action still has claims to be litigated independent of the California action.

For the foregoing reasons, Plaintiffs respectfully request that the Court set a briefing schedule for Chobani's anticipated motion to dismiss that is not contingent on the outcome of the transfer motion pending in *Clay*.

Defendants have refused to consent to a briefing schedule on their contemplated motion to dismiss because they believe the two cases should be litigated together, irrespective of the three month delay, or any foreseeable resolution on the transfer motion.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

Cc: all parties via ECF