**MAYER·BROWN**

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Hannah Y.S. Chanoine**
Direct Tel +1 212 506 2151
Direct Fax +1 212 849 5851
hchanoine@mayerbrown.com

VIA ECF

January 19, 2015

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Stoltz, et al. v. Chobani, LLC, et al.*,
      No. 1:14-cv-03827-RRM-JO (E.D.N.Y.)

Dear Judge Mauskopf:

We represent Defendants Chobani, LLC, Chobani Holdings, LLC, Chobani Global Holdings, LLC, Chobani International LLC and Chobani Idaho, LLC (collectively, "Chobani"), in the above-captioned action. We write in response to Plaintiffs' letter dated January 16, 2015. By asking this Court, in essence, to vacate its October 20, 2014 Order and set a briefing schedule on Chobani's motion to dismiss, Plaintiffs backtrack from their position of just a few months ago. But only one thing has changed since the parties jointly requested the stay that Plaintiffs are now asking this Court to vacate: the then-anticipated motion to transfer a nearly identical case to this Court, which was the basis of the Court's decision to defer motion practice in this action in the first place, is now *fully briefed*, *submitted* and *awaiting decision* in the District Court for the Southern District of California. The Court should reject Plaintiffs' request and wait for the transfer motion to be decided.

On October 17, 2015, the parties jointly requested that the Court defer the parties' briefing on Chobani's anticipated motion to dismiss in this action until after the resolution of Chobani's anticipated motion to transfer *Clay v. Chobani LLC*, No. 3:14-cv-02258-BEN-DBH (S.D. Cal.) from the Southern District of California to this Court. ECF No. 18. At that time, Plaintiffs agreed with Chobani that the issues in both *Stoltz* and *Clay* should be presented to this Court at the same time for resolution and that it made little sense to brief motions to dismiss in a piecemeal fashion. On October 20, the Court issued an Order granting the stipulated request to defer briefing on the motion to dismiss in this action, ruling that it would "wait to schedule a pre-motion conference until after the Southern District of California has ruled on the anticipated transfer motion in 14-cv-02258" and directing the parties to file a joint letter alerting the Court within 3 days of the ruling.

There has been only one material change in circumstance since the Court issued its Order: the *Clay* transfer motion has been fully briefed and it is now submitted and awaiting decision, and Judge Benitez could rule at any time. Plaintiffs' complaint about a "three month delay" is perplexing. The October 17 letter specifically advised the Court that the *Clay* court had set a hearing date on the transfer motion for December 8, 2014. (That court ultimately vacated the hearing and informed the parties that it will adjudicate the transfer motion without oral argument.) It has barely been six weeks from the hearing date that Plaintiffs were aware of back when they stipulated to the deferral, six weeks that also happen to span the winter holidays.

Mayer Brown LLP

Hon. Roslynn R. Mauskopf
January 19, 2015
Page 2

      Plaintiffs may be impatient to resume briefing in this case, but the reasons for waiting for the resolution of the transfer motion remain just as sensible (indeed, more) today as they were in October. There is every reason to wait for Judge Benitez's ruling, including the efficiencies gained by consolidating and avoiding having two identical cases that would otherwise proceed on two tracks. This is especially true because the cases overlap in so many critical respects: identical allegations; identical products; and, crucially, overlapping putative classes. Contrary to Plaintiffs' suggestion in the January 16 letter that the *Clay* case overlap relates only to the "0%" claim, the *Clay* complaint also overlaps with the amended complaint in this action by alleging misrepresentations relating to the use of the term evaporated cane juice (a portion of this case that, in any event, is currently stayed for an independent reason). Moreover, the alleged class in *Clay* overlaps with the alleged class in this case because the Plaintiffs in this case have alleged (a) a national class of purchasers which necessarily includes the *Clay* California purchasers and (b) a California-only subclass.

      For the foregoing reasons, we respectfully request that the Court deny Plaintiff's request to vacate the October 20 Order.

      Respectfully,

      /s/ Hannah. Y.S. Chanoine

      Hannah Y.S. Chanoine


CC:    All Counsel of Record (via ECF)