# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
cklee@leelitigation.com

March 3, 2016

**VIA ECF**
The Honorable Ann M. Donnelly, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Chang, et al. v. Chobani, LLC, et al.*
          Consolidated Case No. 14-cv-03827-AMD-JO (E.D.N.Y.)

Dear Judge Donnelly:

    We are counsel to Plaintiffs. Pursuant to Your Honor's individual rules, we write to oppose Defendants' request for a pre-motion conference regarding Defendants' proposed motion to dismiss Plaintiffs' Consolidated Complaint (the "Complaint"). For the reasons stated below, Defendants' pre-motion request should be denied.

    Defendants assert that this Court should find as a matter of law that its representations regarding its "Greek Yogurt" and "0%" statements were not deceptive. Defendants attempt to further the claim that the term "Greek Yogurt" is not misleading by providing as examples, Belgian waffles and Italian salad dressing, but conveniently fail to include products which reasonable consumers typically associate as having originated from a particular location. As stated in detail in the Complaint, a reasonable consumer who sees a bottle labeled "California wine," would reasonably assume the product was manufactured in that state. Compl. at ¶ 92. Similarly, a reasonable consumer who sees a label that says "Florida oranges" may reasonably assume the products come from Florida. Most tellingly, Defendants conveniently make no mention of the fact that an English court ruled just last year that they cannot label their Products "Greek Yogurt" in the United Kingdom, precisely because the Products are made in the U.S. and are not a true Greek yogurt produced in Greece. Compl. at ¶¶ 86-87. Defendants were warned repeatedly, by their own advisers and market experts, to refrain from marketing the Products as "Greek Yogurt" because it was misleading, a warning which Defendants ignored. Compl. at ¶ 88.

    Defendants also claim that it is implausible that anyone would be deceived by the "0%" on Chobani® yogurt Products or understand it to pertain to anything other than fat content but provide no support for the conclusory statement. A court in this District has already declined to dismiss a similar claim on the basis of the reasonable consumer prong.[1] In the *Chang* case, as here, Plaintiffs alleged that displaying "Total 0%" on the yogurt product packaging without

---

[1] *See Chang, et al. v. FAGE Dairy Processing Industry, Inc.*, No. 14-CV-3826 at 40 (E.D.N.Y. Sept. 22, 2015).

providing any context as to what the 0% represented was deceptive. The Court found that whether "Total 0%" was deceptive was an issue that could not be resolved on a motion to dismiss.[2]

The clear and unambiguous factual allegations in the Complaint render Plaintiffs' claims more than plausible, satisfy the notice pleading standard of Fed. R. Civ. P. 8(a), and are patently sufficient to sustain the nationwide class claims upon which this action is predicated. The Complaint sets forth which Products were purchased by Plaintiffs, when they were purchased, where they were purchased as well as the price and premium paid. *See* Compl. at ¶ 23. Each state-specific consumer fraud cause of action is listed in Counts I-XIII. Count XIV for negligent misrepresentation sets forth that it is brought on behalf of the multi-state class. Plaintiffs specify that the multi state class consists of only the states in which Plaintiffs reside. *See* Compl. at ¶ 13. As the course of conduct employed by Defendants is specified in Count XVI and is alleged to have been the same nationwide, Plaintiffs have met the pleading requirements to satisfy Rules 8 and 9(b). *See* Compl. at ¶¶ 17, 302-304.

Article III standing exists to ensure that (i) there is something the Court can do to provide redress (as opposed to simply pronounce its opinion) and (ii) that the controversy is proper in the judicial branch as opposed to another arm of government. *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1386 (2014) ("[f]rom Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'"). Those requirements, are provided for in the well-established tri-part test, and requires plaintiff to allege an injury-in-fact that is (1) concrete and particularized, as well as actual and imminent; (2) fairly traceable to the challenged action of the defendant; and (3) redressable by a favorable ruling. *Id.* at 1386. Plaintiffs have satisfied all three prongs in that: (1) they were financially injured by having purchased products with misleading claims; (2) that the injury is fairly traceable to misleading labeling of Defendant's Products; and (3) a favorable ruling will provide them the redress set forth in state consumer protection statutes – damages and injunctive relief, which is the very purpose of the statutes.

Plaintiffs are not preempted here because it is well established that "the FDCA does not preempt state laws that allow consumers to sue manufacturers that label or package their products in violation of federal standards." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015). As detailed in the Complaint, Plaintiffs' claims seek only to enforce identical standards to the NLEA against misbranding and are thus not preempted. Nowhere in the Complaint do Plaintiffs make any claims with regard to changing the name or address of the manufacturer from Defendants' Product labels. Plaintiffs' Greek claims are focused on whether advertising the Products as "Greek Yogurt" is misleading and deceptive under state law given that Defendants market the Products as "America's Top Greek yogurt." Compl. at ¶ 10. Labeling the Products as "Greek-style" yogurt would have no impact on regulatory rules governing the marking requirements for country of origin. As such, Plaintiffs' claims are not preempted.

With regard to pre-suit demand notice, even if the Court were to find that Plaintiffs failed to comply with the CLRA's statutory prerequisite, Plaintiffs' CLRA claim should proceed

---

[2] *Id.* at 38.

2

because the CLRA notice requirement is specific to "damages." Cal. Civil Code § 1782(a). "[T]he legislature's specific requirement of notice only [applies] in actions 'for damages' in Section 1782(a)." *Rikos v. P&G*, 782 F. Supp. 2d 522, 540-41 (S.D. Ohio 2011); *see also In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1119 (C.D. Cal. 2008) ("restitution and disgorgement [] do not appear to be 'damages' for purposes of the CLRA").

Plaintiffs are also entitled to bring claims of negligent misrepresentation and unjust enrichment under the laws of all 50 states and the District of Columbia, as the Complaint alleges, together Defendants manufactured, distributed, advertised, marketed, and sold their Products to hundreds of thousands of consumers *nationwide*. *See* Compl. at ¶ 25. Even if the Court analyzed these claims under New York law alone, Plaintiffs have met all pleading requirements. Defendants' claim that Plaintiffs need to demonstrate heightened requirements of a fiduciary relationship between the parties is unfounded. Recently, in *Ebin v. Kangadis*, 297 F.R.D. 561 (S.D.N.Y. 2014), olive oil consumers brought a putative class action against a seller, alleging, inter alia, fraud and negligent misrepresentation under New York and New Jersey law based on the seller marketing pomace oil as "100% Pure Olive Oil." Despite plaintiffs' relatively simple claim with no inference to a special duty with defendant, plaintiffs' negligent misrepresentation claim survived motion to dismiss, and the court further granted plaintiffs' motion for class certification. *Id.* at 570.

Defendants simply argue without support that the Complaint's well-pled allegations of a price premium are implausible because it compares the price of Defendants' Products with regular yogurt products. Not only do Plaintiffs' detailed allegations with regard to price premium compare Defendants' Products to substantially similar ("Greek-style") products but far exceed the requirements of Rule 8(a), Fed. R. Civ. P. *See* Compl. at ¶¶ 105-106. In addition, Defendants' argument flies in the face of the well-settled rule to the contrary. The existence of the price premium will be established through expert testimony, not on a motion to dismiss, and allegations far less detailed than those in the Complaint here regularly survive a motion to dismiss. *See, e.g.*, *Ackerman v. Coca-Cola Co.*, No. CV-09-0395(JG), 2010 WL 2925955 at *23 (E.D.N.Y. July 21, 2010).

Defendants' claim that Chobani Idaho, LLC should be dismissed at this stage, is without merit given that the Complaint alleges that Defendants operate as a single integrated and common enterprise. *See* Compl. at ¶ 25. A request to strike allegations in the Complaint at this juncture is also premature. Motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Montoya v. L.C. 1 Trucking Corp.*, No. 12-23816-CIV, 2013 WL 588322, at *1 (S.D. Fla. Feb. 13, 2013) (citation omitted). Plaintiffs' allegations as to changes in labeling are not intended to show culpability but simply that alternative labeling which provides clarification is possible to implement.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

                cc: All parties via ECF